UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ PENSION FUND,
BUILDING SERVICE 32BJ LEGAL SERVICES
FUND, BUILDING SERVICE 32BJ THOMAS
SHORTMAN TRAINING, SCHOLARSHIP AND
SAFETY FUND,                                                                          **COMPLAINT**

                                                Plaintiffs,

-against-

ACP FACILITY SERVICES, INC. and
A.C.P. CLEANING, INC.,

                                                Defendants.

------------------------------------------------------------------------X

Plaintiffs, Building Service 32BJ Health Fund ("Health Fund"), Building Service 32BJ Pension Fund ("Pension Fund"), Building Service 32BJ Legal Services Fund ("Legal Fund") and Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund ("Training Fund"), herein collectively referred to as the "Funds," by their attorneys Raab, Sturm & Ganchrow, LLP, as and for their Complaint against ACP Facility Services, Inc. and A.C.P. Cleaning, Inc. (jointly referred to as "Defendants"), respectfully allege as follows:

### NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare

benefit fund, an employee pension fund, an employee pre-paid legal services benefit fund and an employee training, scholarship and safety benefit fund for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds, as parties contractually bound by the collective bargaining agreements (as hereinafter defined). This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendants violated thier collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA.

## JURISDICTION

2.  Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c) 28 U.S.C. Section 1331 (federal question); and

    (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.  Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on defendants in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4.  The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in

accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health and insurance benefits, pension benefits, pre-paid legal services and training, scholarship and safety benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street,, in the City, County, and State of New York.

6. A) Upon information and belief, at all times material hereto A.C.P. Cleaning, Inc., having had a principal place of business at 12 Gill Street, in the city of Woburn, County of Middlesex, State of Massachusetts, 01801, was and continues to be a for-profit Massachusetts corporation doing business in various states of the United States, including the States of Connecticut and New Jersey, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and

belief, A.C.P. Cleaning, Inc., was and is party to collective bargaining agreements with the Union wherein, *inter alia*, A.C.P. Cleaning, Inc. became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for its employees within the units set forth in the Agreements with Union.

6.    B)    Upon information and belief, at all times material hereto ACP Facility Services, Inc., having a principal place of business at 12 Gill Street, in the city of Woburn, County of Middlesex, State of Massachusetts, 01801, was and continues to be a for-profit Massachusetts corporation doing business in various states of the United States, including the States of Connecticut and New Jersey, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, ACP Facility Services, Inc., was and is party to collective bargaining agreements (hereinafter, together with the agreements entered into by A.C.P. Cleaing, Inc., the "Agreements") with the Union wherein, *inter alia*, ACP Facility Services, Inc. became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for its employees within the unit set forth in the Agreements with Union.

6.    C)    Upon information and belief on or about April 20, 2012, A.C.P. Cleaning, Inc., changed its name to ACP Facility Services, Inc., and recorded such name changed with the Secretary of the Commonwealth of Massachusetts.

6.    D)    A.C.P. Cleaning, Inc. and ACP Facility Services, Inc. are a "single employer", or a "joint-employer" alter egos of each other, as they constitute a single integrated employer employing the employees employed under the Agreement with the Union and they both possess the power to control the employees represented by the Union under the above described

Agreements.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## (FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANTS )

7. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this Complaint, as if fully set forth herein.

8. Pursuant to the Agreements, there became due and owing to Funds from Defendants benefit contributions for the period from December 2016 to date.

9. The Agreements provide, in pertinent part:

If the Employer fails to make reports or payments to the Funds, the Trustees may in their sole and absolute discretion take any action necessary, including but not limited to immediate arbitration and suits at law, to enforce such reports and payments, together with interest and liquidated damages as provided in the Funds Trust Agreements, and any and all expenses of collection, including but not limited to counsel fees, arbitration fees, court costs, fees and interest....

By agreeing to make the required payments into the Funds, the Employer hereby adopts and shall be bound by the Agreement and Declaration in Trust as it may be amended and the rules and regulations adopted or hereafter adopted by the Trustees of each Fund in connection with the provision and administration of benefits and the collection of contributions....

10. The Trustees of each of the Funds, promulgated rules and regulations relating to delinquent contributions, which require, inter alia, the payments of the delinquent contributions, plus interest calculated at the rate of 9% per annum, assessed from the date contributions were originally due, liquidated damages in an amount equal to 20% of the delinquent contribution, attorney's fees and court costs.

11. The Defendants have fallen delinquent in their monthly contributions owed to the Funds and since December 2016 most, of the monthly contributions contractually due to the Funds have not been paid by the Defendants, although all contributions have been duly demanded

and the Funds have been damaged in the amount of no less than $142,792.13.

12. The failure, refusal or neglect of Defendants to make the required contributions to the Funds constitutes a violation of the Agreements between Defendants and the Union with respect to which the Funds are third-party beneficiaries.

13. Accordingly, Defendants are jointly and severally liable to the Funds for benefit contributions in the amount due for the period set forth above, plus such other or further amounts as will be found due and owing for the period December 1, 2016 to date, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendants, together with pre-judgment interest, liquidated damages attorney's fees and costs and disbursements, as provided for under the Agreements.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANTS)

14. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

16. Upon information and belief, at all times material hereto, Defendants failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

17. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employee violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to the plaintiff, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest

on the unpaid principal both computed at the rate provided for under the Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

18. Accordingly, Defendants are liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and are liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS)

19. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

20. Pursuant to the terms and conditions of the Agreements, Defendants are required to timely pay submit benefit contributions and reports to the Funds for so long as Defendants remain obligated to do so pursuant to the Agreements.

21. Upon information and belief, Defendants have failed to timely pay and/or submit benefit contributions to the Funds and are currently in breach of their obligations under the Agreements. Defendants' conduct demonstrates a significant likelihood that they will continue to breach the terms of the Agreement.

22. The Funds have no adequate remedy at law to insure that Defendants will adhere to the terms of the Agreement.

23. As a result of Defendants' omissions and breaches of contract and violations

of E.R.I.S.A., the Funds may be required to (a) deny employee beneficiaries, for whom contributions have not been made, the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plan, notwithstanding Defendants' failure to make their required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

24. The Funds will suffer immediate and irreparable injury unless Defendants, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds for so long as Defendants remain obligated to do so pursuant to the Agreements.

25. Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds for the term of the Agreements.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA AGAINST DEFENDANTS)

26. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

27. Pursuant to the provisions of ERISA and the Agreements, Defendants are required to timely pay and submit benefit contributions and/or reports to the Funds, for so long as Defendants remains obligated to do so pursuant to the Agreement.

28. Upon information and belief, Defendants have failed to timely pay and/or submit benefit contributions to the Funds, and are currently in breach of their statutory obligations under ERISA Defendants' conduct demonstrates a significant likelihood that they will continue to breach the aforementioned statutory provisions.

29. The Funds have no adequate remedy at law to insure that Defendants will continue to adhere to their statutory obligations.

30. As a result of Defendants' omissions and breaches of contract, the Funds may be required to (a) deny employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plan, notwithstanding Defendants' failure to make their required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

31. The Funds will suffer immediate and irreparable injury unless Defendants their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of audits for so long as Defendant remains obligated to do so pursuant to ERISA.

32. Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining Defendants their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds and requiring them to permit and cooperate in the

conduct of audits for the term of Agreement.

**WHEREFORE,** plaintiff Funds demand judgment:

a. against Defendants, jointly and severally, for payment of all past due contributions in the amount of no less than $142,792.13 for the period beginning December 2016 to date.

b. against Defendants, jointly and severally, for payment of all contributions which become due during the pendency of this action;

c. against Defendants, jointly and severally, for accrued prejudgment interest on all contributions in accordance with the collective bargaining agreements and ERISA § 502 (g)(2);

d. against Defendants, jointly and severally, for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with the collective bargaining agreements and ERISA § 502(g)(2);

e. for an Order preliminary and permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, in accordance with applicable Agreement;

f. for an Order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, in accordance with ERISA and the applicable Agreement;

g. for such other and further relief as the Court deems just and proper.

Dated: Fort Lee, New Jersey
December 13, 2017

RAAB, STURM & GANCHROW, LLP

By: _____
Ira A. Sturm (IS-2042)
*Attorneys for Plaintiffs Funds*
2125 Center Avenue, Suite 100
Fort Lee, New Jersey 07024
201-292-0150
Fax: 201-292-0152
isturm@rsgllp.com